UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TROY ALEXANDER,
                          Plaintiff,

vs.                                         5:08-CV-748 (DNH/GJD)

THE COUNTY OF ONONDAGA, ET AL.

                          Defendants.
_____

TROY ALEXANDER, Plaintiff *Pro Se*
KAREN ANN BLESKOSKI, Assistant Attorney General for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

Presently before this court is a motion by pro se plaintiff, Troy Alexander, for an "Injunction Ordering the New York State Division of Parole to Lift the Ban on Plaintiff from Serving and Having Contact with Defendant Lewis". The motion was filed on February 18, 2009 and was, according to plaintiff's Affidavit of Service, served on the New York State Attorney General, and on defendant Teaketa Lewis (Dkt. #34).

Plaintiff's complaint was originally filed in Onondaga County Supreme Court, and was removed to this court on July 11, 2008 (Dkt. No. 1). The complaint names five defendants, including (1) Onondaga County, (2) Assistant District Attorney Kari A. Armstrong, (3) The City of Syracuse, (4) Steven Stonecypher, and (5) Teaketa Lewis. The complaint alleges false criminal charges, false arrest, false and unlawful

prosecution and unlawful imprisonment (Dkt No. 1).

Plaintiff's motion is deficient since it has not been served on all parties in accordance with Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure. That rule requires that

> a written motion, except one that may be heard ex parte...must be served on every party...

Rule 5(a)(1)(D) and (a)(1).

As stated above, plaintiff's Affidavit of Service states that he served only the New York State Attorney General and Teaketa Lewis. There was no service on the attorney for the City of Syracuse and Steven Stonecypher, and no service on the County Attorney of Onondaga County.

More importantly, however, plaintiff is seeking relief from the court against the New York State Division of Parole which is **not a defendant in this action**. This court has no jurisdiction over entities that are not named in a complaint and that are not served with process. *See Doctor's Associates Inc. v. Reinert & Duree, P.C., et al. 191 F.3d 297 (2d Cir. 1999), Sumpter v. D. Skiff, Counselor, (260 Fed. Appx. 350; 2008 U.S. App. LEXIS 832 (2d Cir. 2008).*

In a case in this District similar to this one, plaintiff sought relief against the New York State Division of Parole which was not a party to the action. The Honorable Thomas J. McAvoy, Senior U.S. District Judge, held that plaintiff's

2

request for injunctive relief could not be granted. Senior Judge McAvoy stated

> ...as Defendants have correctly asserted, the New York State Division of Parole is not a party to this action. Plaintiff is advised that, a Court may not order injunctive relief as to non-parties to an action. *See Rule 65(d) of the Federal Rules of Civil Procedure* ("[e]very order granting an injunction...is binding only upon the parties to the action..."); United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988).

**WHEREFORE,** the court recommends that plaintiff's request for an "injunction" be **denied** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Date: March 5, 2009

Hon. Gustave J. DiBianco
U.S. Magistrate Judge



LEXSEE 2006 USDIST LEXIS 85914

**WILLIE SUMPTER, Plaintiff, v. D. SKIFF, Counselor, Gouverneur Correctional Facility; LUCIEN J. LECLAIRE, JR., Deputy Commissioner, Defendants.**

9:05-CV-0868 (TJM)(DEP)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

*2006 U.S. Dist. LEXIS 85914*

November 28, 2006, Decided

**SUBSEQUENT HISTORY:** Affirmed by, Motion denied by *Sumpter v. Skiff, 2008 U.S. App. LEXIS 832 (2d Cir., Jan. 15, 2008)*

**COUNSEL:** [*1] WILLIE SUMPTER, Plaintiff, Pro se.

MICHAEL G. MCCARTIN, ESQ., HON. ELIOT SPITZER, Office of the Attorney General, Albany, New York.

**JUDGES:** Thomas J. McAvoy, Senior, U.S. District Judge.

**OPINION BY:** Thomas J. McAvoy

**OPINION**

**Decision and Order**

Presently before this Court is a Motion by the Plaintiff Willie Sumpter ("Plaintiff" or "Sumpter") for injunctive relief. Docket No. 22. Defendants have opposed the Motion. Docket No. 23.

**A. Background.**

By way of background, the underlying claims in this action are against D. Skiff, a corrections counselor and member of the Time Allowance Committee at Gouverneur Correctional Facility, and Commissioner Glen Goord. Plaintiff alleges that Skiff wrongfully required certain programing for him and, after Plaintiff failed to fully comply with all of the programing, Skiff was a member of the Time Allowance Committee that denied Plaintiff good time. *See* Amended Complaint, Docket No. 5. Commissioner Goord, as the official responsible for oversight of Plaintiff's appeal from the Time Allowance Committee, allegedly violated Plaintiff's rights by permitting an improper and illegal decision to be upheld in the appeal process. *Id.*

[*2] **B. Plaintiff's Motion for Injunctive Relief.**

In this Motion, Plaintiff seeks an Order from this Court finding that the New York State Division of Parole violated Plaintiff's rights, and directing that the Division of Parole release Plaintiff from the Department of Corrections' custody forthwith. Docket No. 22. Defendants oppose this Motion on a number of grounds, including that Plaintiff seeks injunctive relief against a party who is not a party to this action. Docket No. 23.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi, 967 F.2d 73 (2d Cir. 1992)*, the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id. at 77* (affirming district court's denial of inmate's request for preliminary

injunction); *see also Roucchio v. LeFevre, 850 F. Supp. 143, 144 (N.D.N.Y. 1994)* (McAvoy, C.J.) (adopting [*3] Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

However, as Defendants have correctly asserted, the New York State Division of Parole is not a party to this action. Plaintiff is advised that, except in limited circumstances not relevant herein, a Court may not order injunctive relief as to non-parties to an action. *See Rule 65(d) of the Federal Rules of Civil Procedure* ("[e]very order granting an injunction ... is binding only upon the parties to the action ..."); *United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988)*. Accordingly, Plaintiff's Motion for injunctive relief against the New York State Division of Parole must be denied.

WHEREFORE, on the basis of the above, it is hereby

ORDERED, that Plaintiff's Motion for injunctive relief (Docket No. 22) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: November 28, 2006

Thomas J. McAvoy

Senior, U.S. District Judge