UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TROY ALEXANDER,

                                        Plaintiff,


              vs.                                    5:08-CV-748


THE COUNTY OF ONONDAGA;
ASSISTANT DISTRICT ATTORNEY KARI A.
ARMSTRONG; THE CITY OF SYRACUSE;
STEVEN STONECYPHER; TEAKETA LEWIS,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

TROY ALEXANDER
Plaintiff Pro Se
2082 Panola Way Court
Lathonia, GA, 30058

ONONDAGA COUNTY ATTORNEY'S OFFICE      KAREN ANN BLESKOSKI, ESQ.
Attorney for Defendants the County of Onondaga
and Assistant District Attorney Kari A. Armstrong
421 Montgomery Street
10th Floor
Syracuse, NY 13202

CORPORATION COUNSEL OFFICE             MARY ANNE DOHERTY, ESQ.
CITY OF SYRACUSE
Attorney for Defendants the City of Syracuse
and Steven Stonecypher
233 East Washington Street
Room 301 City Hall
Syracuse, NY 13202

TEAKETA LEWIS
Defendant Pro Se
719 Marcellus Street
Syracuse, NY 13204


DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Troy Alexander ("plaintiff" or "Alexander") brings suit under 42 U.S.C. § 1983[1] and state common law. Plaintiff asserts claims for false imprisonment,[2] abuse of process, and malicious prosecution against defendants the County of Onondaga, Assistant District Attorney Kari A. Armstrong ("ADA Armstrong") (collectively "County defendants"), the City of Syracuse, and Steven Stonecypher ("Stonecypher") (collectively "City defendants"). Plaintiff also alleges state common law claims for slander and defamation against defendant Teaketa Lewis ("Lewis").

On March 12, 2008, plaintiff served the City of Syracuse and the County of Onondaga with notices of claims. Plaintiff filed a complaint in the Supreme Court of New York, County of Onondaga and served City defendants with a summons and complaint on June 24, 2008. City defendants removed this action to the United States District Court for the Northern District of New York on July 11, 2008. Lewis was served with plaintiff's complaint on July 15, 2008.[3] Plaintiff served County defendants on July 17, 2008.

---

[1] Alexander does not cite § 1983 in his complaint. However, he asserts that defendants violated his Fourth Amendment rights and the City of Syracuse and Steven Stonecypher removed this action to federal court asserting that the complaint included a § 1983 claim.

[2] Plaintiff brought claims for false arrest and false imprisonment. However, false arrest is a type of false imprisonment, not a separate cause of action. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). Because false arrest and false imprisonment are not separate causes of action, they will not be addressed separately.

[3] Lewis has stated that she was not served on July 15, 2008, and she received Alexander's summons and complaint at a later date. For purposes of plaintiff's motion to remand, whether Lewis was served on July 15, 2008, or a later date is irrelevant as both dates are after City defendants removed this action to federal court.

On November 3, 2008, upon the plaintiff's request, the Clerk entered default against Lewis.  On November 14, 2008, plaintiff moved for default judgment against Lewis. On December 8, 2008, Lewis filed a document that is construed as opposition to plaintiff's motion for default judgment, request to vacate the entry of default, and a motion to dismiss.

Alexander filed two motions to remand to state court.  City and County defendants opposed remand.  City and County defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Alexander opposed these motions.  The motions were taken on submission without oral argument.

## II. <u>FACTS</u>

 Because a plaintiff's allegations are accepted as true for purposes of a motion to dismiss, most of the facts are related as stated in plaintiff's complaint and notice of claim. Some ancillary facts provided by defendants are included to provide context to plaintiff's allegations.

According to Lewis, at about 2:00 to 2:30 a.m. on September 20, 2006, she was raped by plaintiff.  She did not report the rape until after talking to her probation officer at 9:00 a.m.  Lewis's probation officer assisted her in going to the hospital for a rape examination.  While she was at the hospital police officers came and she told them her story.

On the same day, September 20, 2006, at approximately 7:30 p.m., Alexander went to the Criminal Investigations Division of the Syracuse Police Department and stated that he had been told that the police were looking for him regarding a rape.  Stonecypher, a detective with the Syracuse Police Department, placed Alexander in a locked interrogation room.  (Compl. ¶ 2;  Notice of Claim ¶ 4.)  At the time Stonecypher placed Alexander in the interrogation room, the officer did not know whether plaintiff was a suspect in a rape.  (Notice

of Claim ¶ 4.)  Alexander was not free to leave.  Id. ¶ 5.  Stonecypher "forcibly took [his] wallet, bible and house keys and laid hold of [him] . . . . [and] falsely, publicly, and maliciously . . . . without reasonable cause accused [him] of the crime of rape."  (Compl. ¶ 5.)  However, according to Stonecypher, he told plaintiff that he would check into the rape charge but in the meantime plaintiff was free to leave.

Stonecypher contacted the Abused Person's Unit of the Syracuse Police Department to determine whether Alexander was a suspect in a rape case.  The City defendants assert that Stonecypher learned that Alexander was in fact a suspect.  He continued to question plaintiff, whose story changed.  Because plaintiff kept changing his story, Stonecypher decided to continue the questioning.

Meanwhile, at around 8:00 p.m. Lewis called a Detective Lenhart who was an acquaintance of her mother.  The detective asked Lewis to come to the station and she complied.  While there, at about 11:03 p.m., she identified Alexander as the person who raped her through a photo array.  (City Defs.' Mem. Supp. Mot. Dismiss at 10.)  Plaintiff admits that Stonecypher had probable cause to detain him after Stonecypher became aware of Lewis's statement. (Notice of Claim ¶ 5.) Stonecypher arrested Alexander at 4:30 a.m. on September 21, 2006.  Stonecypher acted with the "knowledge and consent" of the City of Syracuse.  (Compl. ¶ 14.)

ADA Armstrong filed an indictment against Alexander in the Supreme Court of New York, County of Onondaga on or about March 15, 2007.  (Notice of Claim ¶ 6.)   ADA Armstrong charged plaintiff with rape and sodomy.  On September 7, 2007, State Supreme Court Judge John Brunetti dismissed that indictment and allowed ADA Armstrong to re-present the case to another grand jury on October 23, 2007.  Id. ¶ 7.

On October 5, 2007, ADA Armstrong prosecuted plaintiff for unlawful imprisonment for the same acts in Syracuse City Court.  Id. at ¶ 8; Compl. ¶ 6.  On October 24, 2007, Judge Brunetti dismissed the charges brought in State Supreme Court.  (Notice of Claim ¶ 9.)  On January 22, 2007, Syracuse City Court Judge James Cecile dismissed the unlawful imprisonment charge for lack of jurisdiction.  Id. ¶ 10.  ADA Armstrong acted with the "knowledge and consent" of her employer.  (Compl. ¶ 14.)

## III.  DISCUSSION

### A.  Motion to Remand

Plaintiff moves to remand arguing that City defendants' removal was untimely because his notice of claim was the initial pleading.  Alexander also argues that removal was defective because City defendants failed to obtain consent for removal from all defendants.

In order to be timely, a notice of removal must be filed within thirty days after a defendant has received a copy of the initial pleading.  See 28 U.S.C.  § 1446(b).  With regard to what constitutes an initial pleading, General Municipal Law states: "a notice of claim is required by law as a *condition precedent to the commencement* of an action."  N.Y. Gen. Mun. Law  § 50-e(1)(a) (emphasis added).  The language of the statue demonstrates that a notice of claim must be filed before commencement of a lawsuit and cannot be viewed as an initial pleading.  Besides the plain language of the statute, New York courts treat a notice of claim as a condition precedent, not a pleading.  See Scantlebury v. N. Y. City Health & Hosps. Corp., 4 N.Y.3d 606, 613 (2005).

Usually all defendants must consent to removal based on the rule of unanimity. See Tate v. Mercedes-Benz USA, Inc., 151 F. Supp. 2d 222, 224 (N.D.N.Y. 2001) (Kahn, J.). However, there are three recognized exceptions to the rule of unanimity.  These exceptions

are: "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999).

Based on New York law, Alexander's complaint was the initial pleading.  He filed his complaint on June 24, 2008.  City defendants' filed a notice of removal on July 11, 2008. That notice of removal was within 30 days of Alexander's complaint.  Therefore, City defendants' notice of removal was timely.

The City defendants had no consent to removal from the other defendants.  Thus, the issue is whether the circumstances here fall within a recognized exception to the rule of unanimity.

The City defendants' notice of removal was filed on July 11, 2008.  Alexander served Lewis and the County defendants on July 15, 2008, and July 17, 2008, respectively. For both defendants, service occurred after City defendants' filed their notice of removal. Neither Lewis nor the County defendants had been served with plaintiff's complaint when City defendants filed their notice of removal, a recognized exception to the rule of unanimity. Therefore, City defendants' removal was not defective.  See Ell, 34 F. Supp. 2d at 194.

Because City defendants' notice of removal was timely and not defective, plaintiff's motion to remand will be denied.

## B.  Motion to Dismiss Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's allegations are accepted as true and all reasonable inferences are drawn in favor of the

plaintiff to determine whether he has stated a plausible claim for relief.  <u>Bell Atl. Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544, 555-561, 127 S. Ct. 1955, 1964-67 (2007);  <u>Iqbal v. Hasty</u>, 490 F.3d
143, 157-58 (2d Cir. 2007), <u>cert. granted sub nom.</u>, <u>Ashcroft v. Iqbal</u>, __ U.S. __, 128 S. Ct.
2931 (2008).  The allegations must be sufficient "to raise a right to relief above the
speculative level."  <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1965.  A motion to dismiss is
granted or denied based on  "the legal feasibility of the complaint . . . . not weigh[ing] the
evidence that might be offered to support it."  <u>Global Network Commc'ns, Inc. v. City of New</u>
<u>York</u>, 458 F.3d 150, 155 (2d Cir. 2006) (citations omitted).  For the motion, "[d]ocuments that
are attached to the complaint or incorporated in it by reference are deemed part of the
pleading and may be considered."  <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007)
(citation omitted).

　　　　With *pro se* litigants, documents must be "liberally construed" and "held to less
stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S.
89, __, 127 S. Ct. 2197, 2200 (2007) (per curiam) (describing how to review pleadings from
*pro se* litigants under Fed. R. Civ. P. 8(a)(2) in the context of a motion to dismiss) (internal
quotation omitted).  According to the Second Circuit, "dismissal of a *pro se* claim as
insufficiently pleaded is appropriate only in the most unsustainable of cases."  <u>Boykin v.</u>
<u>KeyCorp</u>, 521 F.3d 202, 216 (2d Cir. 2008).

### C. <u>County Defendants</u>

　　　　County defendants assert that Alexander's complaint is insufficient under Fed. R.
Civ. P. 8(a)(2).  They also argue that they are entitled to prosecutorial immunity.

### 1. **Sufficient Pleadings under Fed. R. Civ. P. 8(a)(2)**

Under the Federal Rules, a pleading must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Alexander alleged that ADA Armstrong charged him twice for the same conduct and that she brought an unlawful imprisonment charge in a court that did not have jurisdiction to hear that claim. These allegations implicate County defendants in Alexander's prosecution. They do not, however, contain any plausible assertions that County defendants were involved in plaintiff's detention and arrest. Therefore, Alexander's false imprisonment claims against County defendants will be dismissed.

### 2. **Prosecutorial Immunity**

County defendants also assert that their conduct is protected by absolute prosecutorial immunity. Plaintiff argues that absolute prosecutorial immunity does not apply to these defendants because the Syracuse City Court did not have jurisdiction over the unlawful imprisonment charge against him.

When acting as an officer of the court and performing her prosecutorial function, a prosecutor has absolute immunity. See Van De Camp v. Goldstein, __ U.S. __, 129 S. Ct. 855, 860-61 (2009) (internal citation omitted); see also Shapiro v. Town of Clarkson, 238 A.D.2d 498, 500 (N.Y. App. Div. 2d Dep't 1997). Conduct of a prosecutor qualifies for absolute immunity where the conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976). "[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists." Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987).

Here, County defendants sought to prosecute Alexander in two different courts. ADA Armstrong indicted plaintiff in state court for rape and sodomy and she prosecuted him for unlawful imprisonment in city court.  Prosecuting a suspect is intimately associated with the judicial process and, therefore, is protected based on prosecutorial immunity.  Moreover, even if the Syracuse City Court did not have jurisdiction to hear the unlawful imprisonment charge filed on October 5, 2007, prosecutorial immunity still attaches because County defendants had the authority to prosecute plaintiff.  Because County defendants' conduct was closely associated with the judicial process and they generally had authority to prosecute plaintiff for unlawful imprisonment, they are entitled to prosecutorial immunity.  Thus, plaintiff's claims for malicious prosecution and abuse of process against County Defendants will be dismissed.

### D.  City Defendants

City defendants argue that Alexander's complaint is insufficient under Fed. R. Civ. P. 8(a)(2) because he sets forth conclusory allegations without factual support.  Additionally, they assert that the City of Syracuse should be dismissed because Alexander did not plead specific facts demonstrating municipal liability.  City defendants also argue that they had probable cause to arrest plaintiff and Stonecypher asserts that he is entitled to qualified immunity even if he did not have probable cause to detain plaintiff.  Finally, City defendants argue that any claims for punitive damages against the City of Syracuse or Stonecypher in his official capacity should be dismissed.

### 1.  Sufficient Pleadings under Fed. R. Civ. P. 8(a)(2)

Alexander alleges that City defendants unlawfully detained and arrested him.  In his complaint, he includes assertions to support these claims.  However, plaintiff does not

include any plausible allegations implicating City defendants in his prosecution.  Because Alexander does not include plausible allegations against City defendants for his prosecution, his claims for malicious prosecution and abuse of process against those defendants will be dismissed.

### 2. Municipal Liability

"[A] municipality is not vicariously liable for the acts of its employees" and can be liable only where a constitutional violation occurred because of a municipal custom, policy, or practice.  Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006); see Russo v. City of Bridgeport, 479 F.3d 196, 212 (2d Cir. 2007), cert. denied, 128 S. Ct. 109 (2007); Coon v. Town of Springfield, 404 F.3d 683, 686-87 (2d Cir. 2005).   Even though a plaintiff must prove that a constitutional violation occurred because of a municipal custom or policy in order to succeed on his claim, the Supreme Court has rejected a heightened pleading standard for § 1983 suits brought against municipalities.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166, 168, 113 S. Ct. 1160, 1162-63 (1993); Iqbal, 490 F.3d at 153 (acknowledging the rejection of a higher pleading standard for municipalities).  At the pleading's stage, a plaintiff need only provide a short, plain statement containing a plausible claim for relief against the municipality.  Fed. R. Civ. P. 8(a)(2); Leatherman, 507 U.S. at 168; 113 S. Ct. at 1163; Iqbal, 490 F.3d at 157-58.

Here, plaintiff asserted that Stonecypher acted with the knowledge and consent of the City of Syracuse.  Because a heightened pleading requirement is not imposed on plaintiff for his § 1983 claim against the City of Syracuse, his allegation that Stonecypher acted with the City's knowledge and consent is sufficient.  The City of Syracuse's motion to dismiss based on plaintiff's failure to sufficiently plead municipal liability will be denied.

### 3. <u>Probable Cause</u>

City defendants also argue that plaintiff's false imprisonment claim should be dismissed because they had probable cause to make an arrest.  Plaintiff admits in his notice of claim that Stonecypher had probable cause after he became aware of Lewis's statement. Therefore, any claim of false imprisonment with regard to the period of time after Stonecypher became aware of the complainant's statement will be dismissed.  At issue, then, is the time period of Alexander's initial confinement was unlawful.

A plaintiff states a claim for false imprisonment where his allegations demonstrate that the defendant intended to confine him, he was conscious of the confinement, he did not consent, and the confinement was not otherwise privileged.  <u>Singer</u>, 63 F.3d at 118. Confinement by a police officer is privileged when it is based on probable cause.  <u>See</u> <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996).

Here, Alexander alleges that Stonecypher placed him in a locked interrogation room and he was not free to leave.  Alexander also alleges that he could not leave because Stonecypher forcibly took his wallet, bible, and house keys.  These allegations are sufficient for the first three elements of false imprisonment; plaintiff was confined, he was aware of the confinement, and he did not consent to it.

City defendants do not appear to argue that Stonecypher had probable cause at the time of Alexander's initial detainment.  (Def.'s Mem. Supp. Mot. Dismiss at 13-15.)  In their Memorandum of Law, they state that  "based on the information obtained by [the Abused Person's Unit] from the victim and . . . . after interviewing plaintiff, [Stonecypher] had probable cause to arrest plaintiff."  (<u>Id</u>. at 11).  That assertion and the factual allegations, do not establish that Stonecypher had probable cause when he initially detained plaintiff.

Because Alexander has alleged that he was not free to leave and defendants have not shown that the initial detention was privileged based on probable cause, plaintiff's claim for false imprisonment will not be dismissed on those grounds.

### 4. **Qualified Immunity (Defendant Stonecypher)**

Stonecypher also asserts that he is entitled to qualified immunity even if probable cause was not established.  He argues that his conduct was objectively reasonable.  Alexander asserts that qualified immunity does not apply here because Stonecypher did not act objectively reasonable.  Plaintiff states that a reasonable officer would not detain an individual and then search for information about whether a crime had been committed.  Because the portion of plaintiff's claim that arises from Stonecypher's conduct after he learned of Lewis's statement will be dismissed based on probable cause, only the time period prior to Stonecypher receiving that information will be discussed.

An officer cannot be protected by qualified immunity in a motion to dismiss where the facts alleged demonstrate a violation of a constitutional right and "it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." <u>Saucier v. Katz</u>, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 2156-57 (2001); <u>see</u> <u>also</u> <u>Pearson v. Callahan</u>, 555 U.S. __, __, 129 S. Ct. 808, 815 (2009).  According to the Second Circuit, an officer is entitled to qualified immunity even in the absence of probable cause where "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870 (2d Cir. 1991); <u>see</u> <u>also</u> <u>Hunter v. Bryant</u>, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991) (per curiam) (noting that mistaken judgements

regarding probable cause are protected by qualified immunity as long as they are reasonable).

To demonstrate that his conduct was reasonable, Stonecypher states that "based on the information obtained by [the Abused Person's Unit] from the victim and . . . . after interviewing plaintiff, [he] had probable cause to arrest plaintiff."  (Def.'s Mem. Supp. Mot. Dismiss at 11).  Stonecypher also asserts that he was "reasonable in his belief that the detention and subsequent arrest of [p]laintiff was lawful."  Id.   Neither of these assertions demonstrate that Stonecypher believed he had probable cause when he initially detained plaintiff.  Nor do they demonstrate that it was objectively reasonable for Stonecypher to believe that probable cause existed or that officers of reasonable competence could disagree about whether there was probable cause when plaintiff was initially detained.  Therefore, Stonecypher has not established that he is entitled to qualified immunity for plaintiff's initial detention.  Because Stonecypher has not shown he is entitled to qualified immunity for plaintiff's initial detention, his motion to dismiss based on qualified immunity will be denied.

### 5.  **Punitive Damages**

City defendants argue that a municipality is immune from punitive damages and that immunity extends to municipal employees sued in the official capacity.  Plaintiff states that individual defendants are not immune from punitive damages.

Municipalities and municipal employees sued in their official capacity are immune from punitive damages.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 2762 (1981); Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997).  To the extent plaintiff seeks punitive damages against the City of Syracuse or Stonecypher in his official capacity, those claims for punitive damages will be dismissed.

However, plaintiff's claims for punitive damages against Stonecypher in his individual capacity will not be dismissed.

### E. Default Judgment, Vacate Entry of Default & Dismissal as to Lewis

A default may be set aside for good cause. Fed. R. Civ. P. 55(c). Lewis personally visited the Office of the Clerk of the Court on November 14, 2008, stating that she had not received service of the summons and complaint, or the Order entered on August 21, 2008 denying additional service upon her and rather directing her to answer the complaint, or the Clerk's Entry of Default against her. Further, she did respond in writing shortly after receiving those documents from the Clerk. Lewis has shown good cause and the entry of default against her will be vacated. It follows that Alexander's motion for default judgment will be denied.

Alexander alleges in his complaint that defendant Lewis defamed him on September 21, 2006, and October 5, 2007, when she "filed false charges against [him] for rape, sodomy, and unlawful imprisonment." (Compl. ¶ 16.) Plaintiff asserts that defendant Lewis's statements regarding rape and sodomy occurred on September 21, 2006, and her statement about unlawful imprisonment was made on October 5, 2007. (Notice of Claim ¶ 12.)

In New York, the statute of limitations for defamation is one year. N.Y. C.P.L.R. § 215(3). Plaintiff filed his complaint on June 24, 2008. Because of the statute of limitations, defamation or slander claims based on statements made before June 23, 2007, are not viable. Alexander's claims for slander and defamation based on Lewis's statement on September 21, 2006, are outside the permissible time period. Therefore, those claims will be

- 14 -

dismissed.  Defendant Lewis's alleged statement from October 5, 2007, however, falls within the statute of limitations and must be discussed further.

A plaintiff alleging defamation under New York law must plead in his complaint the particular words giving rise to his defamation claim.  N.Y. C.P.L.R. §3016 (a).  Here, Alexander alleges that Lewis defamed him by filing false charges of unlawful imprisonment on October 5, 2007.  However, plaintiff does not provide any details in his complaint about defendant Lewis' alleged statements from that day.  Nor does he attach to his complaint or otherwise provide any documentation to establish what particular words give rise to his complaint for defamation.  Because his complaint does not meet the particularity threshold required under New York law, his claims against defendant Lewis for comments alleged to have been made on October 5, 2007, will also be dismissed.

## IV.  CONCLUSION

Because City defendants' notice of removal was timely and not defective, plaintiff's motion to remand will be denied.  As for County defendants' motion to dismiss, plaintiff failed to allege plausible claims against them for his detention and arrest.  Therefore, his false imprisonment claim against them will be dismissed.  Additionally, County defendants have shown that they are entitled to prosecutorial immunity.  Accordingly, Alexander's claims against them for malicious prosecution and abuse of process will be dismissed.

With regard to City defendants' motion to dismiss, plaintiff failed to allege plausible claims against them for his prosecution.  Therefore, Alexander's claims for malicious prosecution and abuse of process against City defendants will be dismissed.  Additionally, plaintiff admitted that Stonecypher had probable cause to detain and arrest him after learning of Lewis's statement to the police.  Therefore, plaintiff's false imprisonment claims based on

his confinement relating to that time period will be dismissed.  However, City defendants have not shown that Stonecypher had probable cause when he initially detained plaintiff. Moreover, Stonecypher has not established that he is entitled to qualified immunity for plaintiff's initial detention.   Therefore, City defendants' motion to dismiss plaintiff's false imprisonment claim will be denied as to plaintiff's initial detention.

Lewis is entitled to have the entry of default against her vacated for good cause shown.  Furthermore, Alexander's claims against her relating to September 21, 2006, statements are barred by the statute of limitations and the claims relating to October 5, 2007, are not sufficiently plead.  Thus, all claims against Lewis will be dismissed.

Accordingly, it is

ORDER that

1.  Plaintiff's motion to remand is DENIED;

2.  Defendants County of Onondaga and Assistant District Attorney Kari A. Armstrong's motion to dismiss is GRANTED;

3.  All claims against the County of Onondaga and Assistant District Attorney Kari A. Armstrong are DISMISSED;

4.  Defendants City of Syracuse and Steven Stonecypher's motion to dismiss is GRANTED in part and DENIED in part;

5.  Plaintiff's abuse of process of process and malicious prosecution claims against the City of Syracuse and Steven Stonecypher are DISMISSED;

6.  Plaintiff's false imprisonment claim and his § 1983 claim arising under the Fourth Amendment based on plaintiff's confinement after Stonecypher learned of Lewis's statement to the Syracuse Police Department are DISMISSED;

7.  Defendants City of Syracuse and Steven Stonecypher's motion to dismiss is DENIED for plaintiff's § 1983 false arrest imprisonment claim arising under the Fourth Amendment based on plaintiff's confinement before Stonecypher learned of Lewis's statement to the Syracuse Police Department;

8.  Plaintiff's claims for punitive damages against defendants the City of Syracuse and Steven Stonecypher in his official capacity are DISMISSED;

9.  Plaintiff's motion for default judgment against Teaketa Lewis is DENIED;

10.  Teaketa Lewis's motion to vacate the entry of default against her is GRANTED;

11.  Teaketa Lewis's motion to dismiss the claims against her is GRANTED and she is DISMISSED as a defendant in this action;

12.  The one remaining plaintiff's claim is for false arrest and imprisonment for his initial detention (up to the time Stonecypher learned of Lewis's statement to the Syracuse Police Department) and punitive damages, if any, against Stonecypher in his individual capacity; and

13.  Defendants City of Syracuse and Steven Stonecypher shall file and serve an answer to plaintiff's one remaining claim on or before May 22, 2009.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 12, 2009
        Utica, New York.